WEBSTER, Judge.
Appellant seeks review of a sentence imposed following his plea of no contest to an affidavit charging a violation of probation. Only one issue merits discussion. Appellant claims that he is entitled to be resentenced because the guidelines scoresheet used to determine his sentence included points attributed to prior convictions which appellant disputed, but which the trial court did not require the state to corroborate. Although the state concedes that, on the merits, appellant would be entitled to the relief requested, it argues that we should affirm because the issue was not adequately preserved for ap *1181 pellate review. We conclude that the issue was adequately preserved and that, on the merits, appellant is entitled to the relief he requests. Accordingly, we reverse.
In 1996, appellant entered a no-contest plea to the charge of sale of cocaine. Pursuant to a plea agreement, he was adjudicated guilty and placed on 18 months’ probation. The sentencing guidelines scoresheet prepared at that time listed only three prior convictions under the prior record section— an aggravated assault and two second-degree misdemeanors. In 1997, an affidavit was filed charging that appellant had violated the conditions of his probation in several respects. Appellant pleaded no contest to the probation violation charge.
At his sentencing hearing, the state presented a scoresheet which listed twelve prior convictions. The felonies listed included an attempted second-degree murder, two robberies with a firearm, an aggravated battery, two burglaries of a dwelling and two grand thefts, but not an aggravated assault. Included among the misdemeanors listed were three battery convictions. The resulting computation called for a sentence of between 34.5 and 57.5 months in prison. The trial court imposed a 50-month sentence. After a short recess, appellant and his attorney again appeared before the trial court. Counsel said that appellant had told him that there were “some disagreements in the score-sheet,” and he felt that, if he did not object, they would “be forever waived.” Appellant then represented that he had never been convicted of grand theft or robbery with a firearm, and that two of the listed misdemeanors were erroneous. However, the trial court refused to rule on the objection, saying “[t]his case is over with now.” This appeal follows.
The state argues that the issue of the correctness of the scoresheet was not adequately preserved for appellate review because the objection was not sufficiently contemporaneous and appellant did not secure a ruling on the objection from the trial court. From our review of the record, it appears that the objection was sufficiently contemporaneous because appellant had not previously had an opportunity to review the scoresheet that had been prepared by the state. Moreover,
[t]he requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings. Delay and an unnecessary use of the appellate process result from a failure to cure early that which must be cured eventually.
Castor v. State, 365 So.2d 701, 703 (Fla.1978). Here, the trial court was placed on notice of the precise nature of the error almost immediately after it had occurred, affording it the opportunity to correct it with a minimal additional expenditure of time and effort. By its refusal to do so, the trial court has caused the unnecessary use of the appellate process. Because it is apparent that the trial court refused to rule on the objection, the lack of a ruling is not an impediment to our review. LeRetilley v. Harris, 354 So.2d 1213 (Fla. 4th DCA 1978).
On the merits, the state properly concedes that appellant is entitled to be resen-tenced because the trial court did not require corroboration of the prior convictions listed. Hamilton v. State, 658 So.2d 1233 (Fla. 1st DCA 1995). Accordingly, we vacate appellant’s sentence and remand for re-sentencing. On remand, the state shall be given an opportunity to corroborate any pri- or convictions challenged by appellant before appellant is resentenced using an accurate scoresheet.
REVERSED and REMANDED, with directions.
SHIVERS, DOUGLASS B., Senior Judge, concurs.
LAWRENCE, J., dissents with written opinion.