782 So.2d 450 (2001)
Robin M. HUMMEL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2096.
District Court of Appeal of Florida, First District.
March 15, 2001.
*451 Appellant pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
BARFIELD, C.J.
Robin Hummel appeals the summary denial of her rule 3.800(a) motion. She seeks resentencing based upon an error in her scoresheet and the trial court's misapprehension of her gain-time credits. As neither claim has merit, we affirm, but comment on the first claim.
The appellant alleges in her first claim that she should only have been assessed 19 points for her prior record, which would place her one cell lower than she originally scored. This Court has previously held that "where a guidelines scoresheet error results in a reduced sentencing range of one cell or more, the sentence must be reversed and the case remanded for resentencing based upon a correctly calculated scoresheet." Burrows v. State, 649 So.2d 902, 904 (Fla. 1st DCA 1995). A scoresheet error is harmless, however, where a corrected scoresheet places the appellant in the same cell or where the appellant would have received the same sentence, such as in plea bargain situations. See id. However, in Heggs v. State, 759 So.2d 620 (Fla.2000), the supreme court announced a new harmless error analysis to be applied in dealing with scoresheet inaccuracies. Using the Heggs rationale, we conclude that if a person's sentence imposed under an erroneous scoresheet could have been imposed under a corrected scoresheet (without a departure) then that person shall not be entitled to resentencing.
The scoresheet used by the trial court shows that the appellant's prior record includes three third-degree felonies and one misdemeanor. These felonies score 18 points, and the misdemeanor scores one point. This gives a total of 19 points. In its order denying this motion, however, the trial court stated that the appellant had five prior misdemeanors. Adding points for four additional misdemeanors brings the prior record points to 26, which is the paragraph total on the original scoresheet. However, neither the scoresheet nor the record reflects the additional four misdemeanors in appellant's prior record. Additionally, the record does not reflect that the appellant's sentence was a result of a valid plea bargain. Although the appellant's total points would result in a one-cell reduced sentencing range, the recommended sentence would be the same as imposed and the imposed sentence would be within the new range. Based on the rationale of Heggs, we affirm.
WOLF and POLSTON, JJ., concur.