KAHN, J.,
concurring.
I concur in the result. As the majority correctly observes, this court applied the harmless error analysis to an erroneous scoresheet in Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001). Nevertheless, the present case is somewhat different because the trial judge, at sentencing, stated that he did not intend to sentence Dela-pierre to the “high end” and instead decided “to go to 15 years, which is right in the middle....”.Under a correct scoresheet, the recommended sentence in this case would have been just under thirteen years and the fifteen-year sentence actually given by the trial court would have been barely a year beneath the permissible maximum. Thus, I conclude that the actual sentence under the correct scoresheet is not “right in the middle.”
I still agree with the majority, however, that reversal is not required. Appellant preserved the sentencing error by filing a *278 motion to correct sentence pursuant to Rule 3.800(b)(2), Florida Rules of Criminal Procedure. This motion pointed out the same sentencing discrepancy raised on the present appeal. The trial court effectively denied the motion by declining to rule within sixty days. See Fla. R.Crim. P. 3.800(b)(1)(B). From this, I take it that the trial court, having imposed a legal sentence, would not impose a different sentence were we to reverse.