880 So.2d 1262 (2004)
Stephen WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-4056.
District Court of Appeal of Florida, Second District.
September 1, 2004.
*1263 FULMER, Judge.
Stephen Walker appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
On March 16, 2001, Walker was sentenced to six years in prison followed by two years of probation for burglary of a dwelling, an offense that occurred on September 25, 1999. His criminal punishment code scoresheet totaled 86.6 points, which included 30.4 points for prior record. In his motion, Walker alleged that three offenses were incorrectly included on his scoresheet as prior record because they *1264 were committed more than ten years before the date of the commission of his primary offense and he had not been convicted of any other crime for a period of ten years from his last release from prison or supervision to the date of commission of the primary offense. See Fla. R.Crim. P. 3.704(d)(14)(A). The trial court denied the motion because it determined that Walker was convicted in 1998 of driving with an expired driver's license, which conviction allowed for the scoring of the three prior offenses on Walker's scoresheet pursuant to rule 3.704(d)(14)(A).
It appears from the record that in 1998 Walker pleaded nolo contendere to driving with an expired driver's license. The trial court withheld adjudication of guilt and placed him on probation. The question presented here is whether Walker was "convicted" of driving with an expired driver's license in 1998 for the purpose of rule 3.704(d)(14)(A).
As defined in rule 3.704(d)(6), "`[c]onviction' means a determination of guilt that is the result of a plea or trial, regardless of whether adjudication is withheld." The definition of "conviction" in rule 3.704(d)(6) is the same as that set forth in section 921.0021(2), Florida Statutes (1999). The rule and the statute are ambiguous because the "determination of guilt" language implies a required finding of guilt, but the "regardless of whether adjudication is withheld" language implies that a finding of guilt is not necessary. The rule of lenity provides that when the language of a criminal sentencing statute is ambiguous, the statute must be construed favorably to the accused. See § 775.021, Fla. Stat. (1999); State v. Rife, 789 So.2d 288, 294 (Fla.2001). We, therefore, read rule 3.704(d)(6) and section 921.0021(2) to require a finding of guilt.
According to State v. Freeman, 775 So.2d 344 (Fla. 2d DCA 2000), and Batchelor v. State, 729 So.2d 956 (Fla. 1st DCA 1999), there is no determination of guilt in a disposition involving a withheld adjudication following a nolo contendere plea. The Fourth District has disagreed with Batchelor and Freeman and held that a determination of guilt is inherent in the process of withholding adjudication following a nolo contendere plea. See Montgomery v. State, 821 So.2d 464 (Fla. 4th DCA 2002), review granted, 837 So.2d 410 (Fla.2003). We disagree and write to further explain our holding in Freeman.
In a different context, the Supreme Court has concluded that a nolo contendere plea does not constitute "a determination of guilt." See Lott v. United States, 367 U.S. 421, 426-27, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961). It is the judgment of conviction following a nolo contendere plea, not the plea itself, that constitutes the determination of guilt. Id. at 426-27, 81 S.Ct. 1563. The First District explained in Batchelor that when adjudication of guilt has been withheld, the only two ways a determination of guilt can exist is when a jury has returned a guilty verdict and when a defendant has entered a plea of guilty. 729 So.2d at 958; see also Garron v. State, 528 So.2d 353, 360 (Fla.1988) ("[T]he plea of guilty is an absolute condition precedent before the lack of adjudication can be considered a conviction.").
In Vinson v. State, 345 So.2d 711, 715 (Fla.1977), the defendant entered a nolo contendere plea and the trial judge, after an evidentiary hearing, entered an order finding the defendant not guilty. The supreme court determined that the trial court exceeded its authority in finding the defendant not guilty. Id. at 712. The supreme court in Vinson discussed the nature and purpose of a nolo contendere plea. "`The plea of Nolo contendere (I *1265 will not contest it) is used in criminal cases where the accused, though unwilling to confess his guilt, does not wish to go to trial, and desires the court immediately to impose sentence.'" Id. at 713 (quoting Tucker v. United States, 196 F. 260 (7th Cir.1912)). Because the plea is not a confession of guilt, historically a plea of nolo contendere did not require an inquiry into the factual basis for the plea; whereas a trial court was required to make that inquiry when a defendant entered a guilty plea. 345 So.2d at 712-13. "A plea of nolo contendere has been determined to be equivalent to a guilty plea only insofar as it gives the court the power to punish." Id. at 715. When a defendant enters a plea of nolo contendere, the allegations of the charge are not admitted in a technical sense, although they stand as impliedly admitted for the purpose of disposing of the case. Id. at 715.
A plea of nolo contendere does not admit the allegations of the charge in a technical sense but only says that the defendant does not choose to defend. It is merely a formal declaration that the accused will not contest the charges with the prosecutor and is in the nature of a compromise between the state and the accused.
Id. at 715 (citation omitted).
We conclude, based on the foregoing reasons, that in construing rule 3.704(d)(6) in favor of the accused, a prior "conviction" does not arise when a defendant enters a nolo contendere plea to an offense and there is no adjudication or finding of guilt by the court. Therefore, we hold that such a disposition does not qualify as a conviction for purposes of applying rule 3.704(d)(14)(A). Because Walker was not convicted of an offense within the last ten years of his release from prison or supervision and the date of the instant offense, the three prior offenses should not have been scored as prior record.
We certify conflict with the Third District in Russell v. State, 855 So.2d 722 (Fla. 3d DCA 2003), appeal docketed, SC03-1894 (Fla. Oct. 23, 2003), and the Fourth District in Montgomery v. State, 821 So.2d 464 (Fla. 4th DCA 2002), review granted, 837 So.2d 410 (Fla.2003).
Accordingly, we reverse and remand for further proceedings. Unless the record can conclusively demonstrate that the trial court would have sentenced Walker to the same sentence using a corrected scoresheet, he is entitled to be resentenced using a corrected scoresheet. See Anderson v. State, 865 So.2d 640 (Fla. 2d DCA 2004), appeal docketed, SC04-261 (Fla. Feb. 23, 2004). On this point, we additionally certify conflict with the First District in Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001), as we did in Anderson.
Reversed and remanded; conflicts certified.
ALTENBERND, C.J., and CANADY, J., Concur.