922 So.2d 378 (2006)
James TUBWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-1352.
District Court of Appeal of Florida, First District.
March 3, 2006.
*379 Nancy A. Daniels, Public Defender, and Kathleen Stover, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
This direct criminal appeal from resentencing was brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We reverse the Appellant's sentence and remand for resentencing.
The appellant was convicted of felony battery. On direct appeal, this Court affirmed his conviction and reversed his sentence because the trial court did not renew the offer to provide appointed counsel prior to the sentencing hearing. See Tubwell v. State, 886 So.2d 433, 433-34 (Fla. 1st DCA 2004). On remand, the Appellant objected to the accuracy of his prior convictions. The trial court overruled his objection on the basis that the Appellant agreed to the accuracy of the scoresheet at the original sentencing proceeding. As this resentencing proceeding was de novo, see State v. Scott, 439 So.2d 219, 220 (Fla.1983); see also Mills v. State, 724 So.2d 173 (Fla. 4th DCA 1998); Baldwin v. State, 700 So.2d 95, 96 (Fla. 2d DCA 1997);, the state was not relieved of its burden to prove the prior offenses. See Calhoun v. State, 721 So.2d 1180, 1181 (Fla. 1st DCA 1998). As the state presented no evidence to establish the existence of the prior convictions, the trial court erred in overruling his objection. Moreover, since the trial court did not have a correct scoresheet to guide imposition of sentence, we cannot plausibly determine conclusively from the record "that the trial court would have imposed the same sentence despite the erroneous scoresheet." (Appellee concedes for this appeal that the Appellant's correct scoresheet results in a lowest permissible sentence of five months less than that of the erroneous scoresheet.) State v. Anderson, 905 So.2d 111, 116 (Fla.2005).
We, therefore, reverse the Appellant's sentence and remand to the trial court for resentencing consistent with this opinion.
*380 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
BARFIELD and BROWNING, JJ. concur; THOMAS, J. dissents with opinion.
THOMAS, J. Dissenting.
I respectfully dissent. The trial court has now twice sentenced Appellant to the maximum five-year term for his conviction of felony battery. In my view, any purported error in the minimum sentence score calculation was harmless, as it is clear that the trial court would have sentenced Appellant to the same term if the error was corrected. See State v. Anderson, 905 So.2d 111 (Fla.2005). Under the Criminal Punishment Code, trial courts are authorized to sentence convicted defendants to the maximum statutory term. § 921.002(1)(g), Fla. Stat. (2003). The minimum calculation limits a trial court's authority to depart below the lowest permissible sentence. § 921.00265, Fla. Stat. (2003). Here, the record clearly establishes that the trial court had no intention of sentencing Appellant to any term less than the statutory maximum term, much less to any term at or below the lowest permissible sentence. I do not believe there is a reasonable doubt that any error in calculating Appellant's lowest permissible sentence will affect the trial court's determination to impose the statutory maximum term of five years in prison. As noted in Anderson, I believe we can determine conclusively from this record "that the trial court would have imposed the same sentence despite the erroneous scoresheet." Id. at 116. Because I believe the State has met its burden of demonstrating harmless error, I respectfully dissent.