PER CURIAM.
Eric B. Lanterman appeals the summary denial of his motion for postconviction relief. We affirm the trial court’s order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, except insofar as it summarily denies his claim of scoresheet errors. We reverse and remand as to that claim only.
The sworn motion makes detailed, unre-futed allegations that scoresheets relied on in sentencing the movant after he was convicted at trial and his probation imposed for an earlier offense was revoked, contained multiple errors, which resulted in a guidelines sentencing floor of 55.5 months, instead of 26.25 months, in state prison. See generally Fla. R. Crim P. 3.704 (2004); Fla. R.Crim. P. 3.704 (1999). Nothing in the record contradicts this claim, and the order under review does not address the claim.
We cannot determine from the record whether the trial court would have imposed the same sentence without the scoresheet errors, or, indeed, whether the asserted errors, in fact, exist. See State v. Anderson, 905 So.2d 111, 112 (Fla.2005) (“[T]he would-have-been-imposed test should apply to scoresheet error [claims] raised either on direct appeal or by motion filed under Florida Rule of Criminal Procedure 3.850.”). We therefore reverse the order on review insofar as it summarily denies Mr. Lanterman’s claim of score-sheet errors (but not otherwise), and remand for the court either to attach records that conclusively refute the claim or to *972 conduct an evidentiary hearing. See Fla. R.Crim. P. 3.850(d) (2006); Fla. R.App. P. 9.141(b)(2)(D) (2006).
Affirmed in part, reversed in part, and remanded.
WEBSTER, BENTON, and VAN NORTWICK, JJ., concur.