CRENSHAW, Judge.
 

 Mark Burrow appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without comment the denial of all but one of his claims but remand for the postconviction court to consider Burrow’s claim of an illegal sentence in ground nine of his motion.
 

 Burrow was convicted following a jury trial of one count of lewd and lascivious exhibition and one count of lewd and lascivious molestation. He was sentenced to concurrent terms of fifteen and twenty years’ incarceration respectively, followed by ten years’ probation. In his motion for postconviction relief, he alleges that his sentence on the molestation charge is illegal because of a scoresheet error. Such claims may be made in a motion filed under rule 3.850.
 
 See State v. Anderson,
 
 905 So.2d 111, 118 (Fla.2005) (recognizing the need for a trial court to have a properly calculated scoresheet when deciding a sentence and applying the “would-have-been-imposed” standard to rule 3.850 motions alleging scoresheet error). Burrow points out that the written judgment, circuit court minutes, and other records show a conviction for violating section 800.04(5)(c)(2), Florida Statutes (2001), a second-degree felony, which should have been scored as a level 7 offense on his scoresheet. He asserts, however, that the scoresheet improperly refers to a conviction for violating section 800.04(5)(b), a first-degree felony, which was scored as a level 9 offense.
 

 In denying the claim, the postconviction court found that the issue had already been raised and denied in an earlier motion filed under rule 3.800. That motion, however, concerned only Burrow’s sentence on the exhibition charge and did not consider any allegations of scoresheet error on the molestation charge. The present claim should not have been denied as successive.
 

 Affirmed in part, reversed in part, and remanded.
 

 DAVIS and WHATLEY, JJ„ Concur.