ON MOTION FOR REHEARING
 

 PER CURIAM.
 

 We recall our prior per curiam decision and issue the following opinion on rehearing.
 

 Lawrence Eno appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The motion raised six claims, three of which are not conclusively refuted by the record attachments to the trial court’s order, requiring a reversal as to the denial of those claims.
 
 See, e.g., McLin v. State,
 
 827 So.2d 948, 954 (Fla.2002).
 

 In his first claim, Eno alleged that his trial counsel was ineffective for failing to advise him that his open plea could result in a seven-year minimum mandatory sentence and failing to point out to the court that the information does not support a seven-year minimum mandatory. The trial court correctly concluded that the first portion of this claim is conclusively refuted by the record. At the plea proceeding, defense counsel expressly stated that the plea arrangement resolved charges from three felony cases with an agreed overall sentencing cap of ten years in state prison, and a seven-year minimum mandatory sentence applicable to the charge of trafficking in methamphetamine. Then, in response to the trial court’s questioning, Eno acknowledged under oath his understanding that one of the charges to which he was entering a plea carried a seven-year minimum mandatory sentence — and that this would be the lowest sentence that he could receive upon entering his pleas.
 

 On rehearing, however, Eno correctly points out that nothing attached to the trial court’s order refutes his claim that the information charged him with trafficking in fourteen grams of methamphetamine — which only carries a three-year minimum mandatory sentence
 
 [1]
 
 — and that his trial lawyer was ineffective for misadvising Eno and the court that a seven-year minimum mandatory sentence applied when only a three-year minimum mandatory sentence applied. Accordingly, we reverse the summary denial of that portion of Eno’s first claim not refuted by the attachments to the trial court’s order, and remand with instructions that the trial court either supplement its denial with attachments that do refute this allegation, or grant Eno a hearing on this claim. We also agree with Eno that the record attachments do not refute his claims of ineffective assistance of counsel premised upon counsel’s failure to finalize an earlier, more favorable plea offer, which Eno told his
 
 *786
 
 lawyer he wanted to accept (Enos claim two) and failure to finalize a substantial assistance agreement that would have resulted in a further reduction of Eno’s sentence, which he also communicated to his lawyer that he wanted to enter (Eno’s claim three). In all other respects, the trial court’s order is affirmed.
 
 [2]
 

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
 

 ORFINGER and LAWSON, JJ., concur.
 

 GRIFFIN, J., concurs in result only.
 

 [2]
 

 . In another claim, Eno alleged errors to his Criminal Punishment Code Scoresheet. Because it is clear from the record attachments to the trial court’s order that Eno would have received the same sentence irrespective of the alleged errors, we have affirmed the summary denial of his claim without elaboration.
 
 See State v. Anderson,
 
 905 So.2d 111, 118 (Fla.2005) (applying the "would-have-been-imposed” standard to rale 3.850 motions alleging scoresheet error). However, if Eno is granted any relief with respect to his first, second or third claims, and is ultimately re-sentenced, the trial court should address Eno’s claimed scoresheet errors prior to any resentencing.
 

 [1]
 

 . See § 893.135(l)(f)l.a„ Fla. Stat. (2007).