IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUSTIN R. JARVIS,

     Appellant,

v.                                                                   Case No.  5D13-1778

STATE OF FLORIDA,

     Appellee.

_____/

Opinion filed July 11, 2014

Appeal from the Circuit Court
for Brevard County,
Morgan Laur Reinman, Judge.

A. Michael Bross, of Bross, Bross,
Thomas & Savy LLC, West Melbourne,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.


LAMBERT, J.

     Justin R. Jarvis ("Jarvis") appeals the judgments and sentences imposed in three related cases after he pled no contest to violating his probation.  His sole point on appeal is that the trial court erred by including twelve community sanction violation points on his sentencing scoresheet.  The State concedes, and we agree, that the trial court

erroneously included six community sanction violation points on the sentencing scoresheet and that resentencing is necessary.

In November 2010, pursuant to a negotiated plea in these cases, the court sentenced Jarvis as a youthful offender to concurrent terms of community control, followed by probation in each case. Jarvis thereafter allegedly violated his community control, and first appeared before the trial court on August 17, 2011, for a hearing. The court reinstated and modified his community control, but specifically dismissed the violations of community control. In September 2012, Jarvis was charged with his second violation of community control and appeared before the court on November 5, 2012, to address these charges. Jarvis admitted the violation, after which the court specifically found that Jarvis had violated condition twelve of his community control and reinstated supervision with the same terms and conditions previously ordered.

Shortly thereafter, Jarvis was charged with his third violation of his supervision. He appeared before the court on April 30, 2013, and pled no contest to violating probation.[1] The criminal punishment code scoresheet relied upon by the trial court at sentencing assessed six points for each of the three above-described violations, resulting in 89.7 total sentence points, which computed to a minimum permissible prison sentence of 46.275 months. Jarvis objected to the inclusion of twelve of the eighteen community sanction violation points, specifically arguing that he should not have been assessed points for the August 17, 2011, and November 5, 2012, proceedings.[2] The trial court

---

[1] By this time, Jarvis's community control had ended and he was now on probation.

[2] Six community sanction points must be assessed for each non-felony violation of community control or probation found by the court. *See* Fla. R. Crim. P. 3.704(d)(16).

2

overruled the objection, adjudicated Jarvis guilty of violating his probation and sentenced him to 46.275 months in prison on each count in each case, with each sentence to run concurrently.

The trial court erred by including six community sanction violation points on Jarvis's scoresheet arising from the August 17, 2011, proceeding, as the trial court made no finding that Jarvis had violated any condition of his community control. *See* Fla. R. Crim. P. 3.704(d)(16); § 921.0024(b), Fla. Stat. (2010) (stating that community sanction violation points "are assessed for each community sanction violation"); *Bell v. State*, 49 So. 3d 340, 341 (Fla. 4th DCA 2010) (reversing and remanding for the correction of the scoresheet and resentencing, as the defendant's "scoresheet erroneously contained six extra points for a community sanction violation, apparently based on the first affidavit of violation that had been dismissed"). Without the six community sanction violation points for the dismissed August 17, 2011, charges, Jarvis would have scored 83.7 sentence points, and thus, his lowest permissible sentence would have been 41.775 months imprisonment. Furthermore, the scoresheet error is not harmless beyond a reasonable doubt because the record does not conclusively establish that the trial court would have imposed the same sentence had the scoresheet been correct. *See Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007) (citing *State v. Anderson*, 905 So. 2d 111, 118 (Fla. 2005)). We find no merit in Jarvis's argument regarding the November 5, 2012, proceeding.

Convictions AFFIRMED; sentences REVERSED; REMANDED for resentencing.

PALMER and WALLIS, JJ., concur.

3