NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CARLOS FERNANDEZ,                          )
                                           )
                  Appellant,               )
                                           )
v.                                         )          Case Nos.  2D15-4250
                                           )                     2D15-4558
STATE OF FLORIDA,                          )
                                           )          CONSOLIDATED
                  Appellee.                )
_____      )

Opinion filed September 2, 2016.

Appeals from the Circuit Court for Pasco
County; Pat Siracusa, Judge.

Carlos Fernandez, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellee.


VILLANTI, Chief Judge.

          Carlos Fernandez seeks review of the order denying his motion for

postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 and the

subsequent order imposing sanctions on him under rule 3.850(n).  We affirm the order

on sanctions without discussion.[1]  We also affirm the denial of Fernandez's postconviction claims concerning the alleged ineffectiveness of his trial counsel relating to the independent act defense and the alleged ineffectiveness of postconviction counsel without further discussion.  However, we reverse on his two remaining claims and remand for further proceedings.

**Facts**

Fernandez was charged with one count of attempted first-degree murder, two counts of sexual battery, one count of burglary of a dwelling, and one count of home invasion robbery based on events that occurred on April 8, 2009.  After extensive pretrial proceedings, the State dismissed the attempted murder charge.  Fernandez then entered an open guilty plea to the sexual battery charges, the burglary of a dwelling charge, and the home invasion robbery charge.  Following a lengthy sentencing hearing, the trial court sentenced Fernandez to thirty years in prison on each conviction, with the sentences to run concurrently.

Fernandez subsequently filed a timely amended motion for postconviction relief that raised five claims for relief.  The postconviction court granted relief on claim one, which alleged that Fernandez's convictions for burglary of a dwelling and home invasion robbery violated double jeopardy.  In accordance with that ruling, the postconviction court vacated the burglary conviction; however, it refused to resentence

_____

[1]The postconviction court imposed sanctions, at the State's request, after Fernandez insisted on an evidentiary hearing on his claim that trial counsel was ineffective for failing to move to suppress Fernandez's statements to police in which he admitted to certain conduct.  While Fernandez appealed this order in case 2D15-4558, he did not raise any arguments on appeal directed specifically to this order.  Therefore, we must affirm.  See Rose v. State, 985 So. 2d 500, 509 (Fla. 2008) (holding that issues not briefed on appeal are considered waived).

Fernandez. The postconviction court summarily denied relief on claims two, four, and five, and denied relief on claim three after an evidentiary hearing. We affirm the denial of relief on claims three, four, and five and address solely claims one and two.

**Claim One**

In his first claim for relief, Fernandez contended that his convictions for both burglary of a dwelling and home invasion robbery violated double jeopardy. This argument had merit, see, e.g., Tuttle v. State, 137 So. 3d 393, 395 (Fla. 2d DCA 2014), and the postconviction court properly granted the motion and vacated the burglary conviction. However, despite Fernandez's request that he be resentenced using a corrected scoresheet, the postconviction court refused to resentence Fernandez, which was error.

In general, when the vacation of a conviction would result in changes to the defendant's scoresheet, the defendant is entitled to be resentenced using a corrected scoresheet. See, e.g., Henry v. State, 64 So. 3d 181, 183 (Fla. 2d DCA 2011); Brown v. State, 1 So. 3d 1231, 1233 (Fla. 2d DCA 2009); Olivera v. State, 92 So. 3d 924, 926 (Fla. 4th DCA 2012), disapproved on other grounds by State v. Tuttle, 177 So. 3d 1246, 1253 (Fla. 2015); Williams v. State, 92 So. 3d 322, 322 (Fla. 1st DCA 2012); Capron v. State, 948 So. 2d 954, 961 (Fla. 5th DCA 2007). These cases follow the general sentencing rule that a defendant has a fundamental right to be sentenced under a correctly calculated scoresheet. See State v. Mackey, 719 So. 2d 284, 284 (Fla. 1998) (holding that it is "undoubtedly important for the trial court to have the benefit of a properly calculated scoresheet when making a sentencing decision"). Regardless of whether the sentence is being imposed following a trial, entry of a plea, or pursuant to

a resentencing proceeding, an accurate scoresheet must be prepared to inform and guide the court in making its sentencing decision.

Here, when the postconviction court vacated Fernandez's burglary conviction, Fernandez had the absolute right to be resentenced under a correct scoresheet that utilized only his actual convictions. Therefore, the postconviction court should have ordered that Fernandez be resentenced.

In this appeal, as it did in the trial court, the State argues that Fernandez was not entitled to be resentenced because the trial court "clearly" did not utilize the scoresheet in sentencing Fernandez when it elected to impose a sentence above the lowest permissible sentence. This argument is erroneous for two reasons. First, the cases upon which the State relies are ones dealing with scoresheet errors rather than ones dealing with convictions vacated due to a double jeopardy violation. See, e.g., State v. Anderson, 905 So. 2d 111 (Fla. 2005). The State has failed to cite a single case that stands for the proposition that a defendant who has a conviction vacated due to a double jeopardy violation is nevertheless properly sentenced under a scoresheet that includes points for that vacated conviction.

Second, even if Anderson was proper authority in this case, the record does not support the denial of relief under its standard. In Anderson, the supreme court held that a defendant is entitled to be resentenced after a scoresheet error is raised in a rule 3.850 motion "[u]nless the record can conclusively demonstrate that the trial court would have sentenced [the defendant] to the same sentence using a corrected scoresheet." Id. at 116 (first alteration in original) (emphasis added) (quoting Walker v. State, 880 So. 2d 1262, 1265 (Fla. 2d DCA 2004)). Thus, the question on appeal from

a claim of scoresheet error in a rule 3.850 case is whether the same sentence would have been imposed under a corrected scoresheet—not whether it could have been imposed. And to satisfy this standard, the record must contain "conclusive proof that the scoresheet error did not affect or contribute to the sentencing decision." Id. A decision to impose a sentence above the lowest permissible sentence, standing alone, is insufficient to establish that the same sentence would have been imposed had a corrected scoresheet been utilized.

In this case, the effect of the postconviction court's ruling to vacate the burglary conviction should have been to remove 37 points from Fernandez's scoresheet. See §§ 810.02(2)(a), 921.0022(3)(h), 921.0024(1)(a), Fla. Stat (2009). While no scoresheet is included in the postconviction record, it appears that this would have resulted in a lowest permissible prison sentence of approximately 21 years rather than the 23 years that the parties agree was the lowest permissible sentence under the original scoresheet. The maximum sentence remained 100 years. Given that the trial court sentenced Fernandez at the lower end of the permissible range and given the lack of any conclusive evidence that the scoresheet score did not contribute in some way to the trial court's sentencing decision, Fernandez was entitled to be resentenced using a corrected scoresheet. Therefore, we must reverse the postconviction court's decision to deny resentencing and remand for Fernandez to be resentenced using a corrected scoresheet.

**Claim Two**

In claim two, Fernandez alleged that the postconviction court erred in denying his claim that his trial counsel was ineffective for failing to properly advise him

concerning his eligibility for work release programs. The postconviction court denied this claim based on excerpts from the change of plea hearing during which the trial court explained to Fernandez that any decision on work release would be made by the Department of Corrections. This finding, however, does not address the substance of Fernandez's claim.

Fernandez alleged in his motion that his counsel had advised him that if he pleaded to the charges, he would be eligible for early release with gain time and work release after he served a portion of his sentence. Fernandez alleged that he entered his plea with the understanding that he would be eligible for these programs but that he learned upon arriving in prison that his convictions for sexual battery made him ineligible for these programs as a matter of law. He alleged that had he known that he was not even eligible for these programs, there is a "reasonable probability" that he would not have entered his plea but would instead have gone to trial. The postconviction court summarily denied this claim based on its interpretation of the trial court's remarks contained in the transcript of the change of plea hearing.

It is clear that if counsel did, in fact, advise Fernandez that he would be "eligible" for these programs, such advice was incorrect as a matter of law. See Fla. Admin. Code R. 33-601.602(2)(b)(1) (providing that an inmate is ineligible for any type of community release program if he or she has any current or prior sex offenses). And the trial court's admonishment that the Department of Corrections rather than the court would make the ultimate decision on whether he could enter such a program did not address the substance of Fernandez's argument, which is that he entered the plea based on the affirmative misadvice of his trial counsel concerning his eligibility for such

- 6 -

programs. This allegation, together with Fernandez's allegation that there is a reasonable probability that he would not have entered his plea if he had been properly advised, made this claim facially sufficient. Equally importantly, the substance of the claim was not refuted by the attachments to the postconviction court's order. Therefore, the postconviction court erred in summarily denying this claim.

On appeal, again as it did in the trial court, the State contends that Fernandez is not entitled to relief on this claim because his eligibility, or lack thereof, for these programs constituted a collateral consequence of his plea. However, the supreme court has held that affirmative misadvice about even collateral matters may constitute a legally cognizable claim for ineffective assistance of counsel when that misadvice affects the voluntariness of a plea. See, e.g., Ey v. State, 982 So. 2d 618, 622 (Fla. 2008). Therefore, this argument is legally incorrect and cannot support affirmance. Accordingly, we must reverse the summary denial of this claim and remand for further proceedings.

## Conclusion

On remand, the postconviction court must hold an evidentiary hearing on claim two of Fernandez's amended motion for postconviction relief. Regardless of the outcome of that hearing, Fernandez is entitled to be resentenced using a correctly scored scoresheet. In all other respects, we affirm.

Affirmed in part, reversed in part, and remanded for further proceedings.

KHOUZAM and SALARIO, JJ., Concur.