DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**VINSON G. KEARSE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1175

[August 2, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ari Abraham Porth, Judge; L.T. Case No. 15007439CF10A.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant appeals his adjudication and sentence for two counts of sexual battery upon a mentally defective victim in violation of section 794.011(4)(e), one count of unlawful sexual activity with certain minors in violation of section 794.05(1), and one count of lewd or lascivious molestation upon a disabled adult in violation of section 825.1025(3). We remand to the trial court for the limited purpose of conducting an evidentiary hearing regarding appellant's criminal scoresheet. On the other issues raised, we affirm without further comment.

After sentencing, appellant filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2), alleging issues with points assigned for appellant's prior record on his criminal punishment scoresheet. The trial court did not rule on the motion within 60 days, so it was deemed denied. Fla. R. Crim. P. 3.800(b)(2)(B). Appellant filed his rule 3.800(b)(2) motion where he had contested three prior convictions on his scoresheet. *See Sanders v. State*, 333 So. 3d 235, 235 (Fla. 4th DCA 2022). Appellant contested the points he received for the following three

convictions: (1) 14 points for each of two convictions of burglary of an unoccupied conveyance, (2) 23 points for a conviction of lewd or lascivious molestation on a person under 12 years of age, and (3) 2.6 points for a grand theft auto conviction.

"[I]f a defendant contests the truth of the prior conviction, then the State is required to corroborate the offense by competent evidence." *Woods v. State*, 294 So. 3d 339, 340 (Fla. 4th DCA 2020). Because the trial court did not require the state to provide competent evidence of the contested prior convictions after appellant contested the prior convictions with the trial court, we remand for an evidentiary hearing. *Bryant v. State*, 37 So. 3d 269, 271-72 (Fla. 4th DCA 2009). "If the evidentiary hearing confirms a scoresheet error, the court shall consider resentencing the defendant under the 'would-have-been-imposed' standard cited in *State v. Anderson*, 905 So. 2d 111 (Fla. 2005)." *Id.* at 272. Thus, the trial court must first conduct an evidentiary hearing on the three contested convictions to determine if appellant's scoresheet needs to be corrected. Then, if the trial court determines that there is an error on appellant's scoresheet, the trial court must determine if appellant would have received the same sentence with the "corrected" scoresheet.

Like in *Sanders*, "we reverse and remand for the trial court to hold an evidentiary hearing on Appellant's claim and for the court to then resentence him *if necessary*." 333 So. 3d at 236 (emphasis added).

*Affirmed in part, reversed in part, and remanded.*

GROSS, GERBER and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**