DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ORVILLE ROY REID,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1954

[February 5, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert B. Meadows, Judge; L.T. Case No. 31-2017-CF-001186A.

Daniel Eisinger, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

John M. Guard, Acting Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

The defendant appeals the final judgment and sentence for aggravated battery with great bodily harm and a deadly weapon, raising four grounds for reversal. We affirm on all his grounds asserted except his argument that his sentence was imposed using an incorrect sentencing scoresheet. Because we agree the trial court did not proceed properly in resolving the defendant's sentencing error as raised in the trial court, we reverse the sentence and remand for resentencing.

While this appeal was pending, the defendant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct a sentencing error. The motion argued his conviction should not have been reclassified to a first-degree felony, receiving a level 8 score on the scoresheet. The state's response conceded the scoresheet erroneously scored the conviction as a level 8 offense. The trial court granted the defendant's motion to the extent of correcting the scoresheet to reflect the proper points for a level 7 offense. However, the trial court did not resentence the defendant using the

corrected scoresheet, despite the defendant's request for resentencing in the motion.

On appeal, the state correctly acknowledges the trial court erred in failing to resentence the defendant using the corrected scoresheet.

Using an incorrect scoresheet, the trial court sentenced the defendant to the lowest permissible sentence. The scoresheet error increased the lowest permissible sentence by 13.5 months. Because the trial court did not have the benefit of a correctly calculated scoresheet to inform and guide it in making its decision, the sentence imposed was improper. *See State v. Anderson*, 905 So. 2d 111, 118 (Fla. 2005); *Fernandez v. State*, 199 So. 3d 500, 502 (Fla. 2d DCA 2016). Nothing in the record suggests the trial court would have sentenced the defendant to the same term with the corrected scoresheet. *See Anderson*, 905 So. 2d at 116 ("If the reviewing court cannot determine conclusively from the record that the trial court would have imposed the same sentence despite the erroneous scoresheet, remand for resentencing is required."). Therefore, we reverse the sentence and remand for resentencing using the corrected scoresheet.

We affirm as to all other grounds raised by the defendant.

*Affirmed in part, reversed in part, and remanded for resentencing.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

2