PER CURIAM.
We affirm appellant’s convictions for grand theft, escape, and possession of cocaine. *1063 However, we find that the trial court erred in exceeding the sentence recommended under sentencing guidelines, and we remand for resentencing.
The trial court provided two reasons for departing from the guidelines. Neither is supported by the record. First, the court cited “prior unseored charges.” This appears to be a reference to three offenses committed while appellant was a juvenile, and which did not qualify as “prior record” under Florida Rule of Criminal Procedure 3.701(d)(5)(G).
A sentencing court may depart based upon a non-scorable juvenile record only if it is “significant” as that term is defined in Puffinberger v. State, 581 So.2d 897 (Fla.1991). Specifically, the departure cannot exceed the sentence that would have been allowed had the offenses actually been scored as “prior record.” In the present case, scoring appellant’s juvenile offenses would not have altered the recommended sentence. Under Puffinberger, therefore, those offenses would not authorize a departure sentence.
Second, the trial court cited appellant’s “failure to be rehabilitated and to respond to efforts at rehabilitation.” See Livingston v. State, 565 So.2d 1288 (Fla.1990). Appellant admits this is a valid criterion if supported by the record, but denies that the record supports the trial court’s conclusion. The trial court appears to have relied primarily upon a court-ordered psychological evaluation in which appellant candidly admitted “he would not be able to successfully complete any period of community sanctions” or the “physically rigorous protocol” of a “boot camp” institution. The psychologist concluded that appellant “is not likely to respond successfully to anything less than incarceration at this time.”
Insofar as the recommended maximum sentence (permitted range) was five and one-half years, the guidelines mirror the psychologist’s pessimism. However, the report did not conclude that appellant, who has never before been incarcerated as an adult, would not respond favorably to such confinement. As stated by counsel for appellant, “Only after the person has actually served time in an adult prison can it be said that such sanction has failed to rehabilitate.” Cf. Burch v. State, 462 So.2d 548, 548-9 (Fla. 1st DCA), approved, 476 So.2d 663 (Fla.1985) (trial court’s concern that defendant needed the sort of rehabilitation provided by a penal facility “could have been assuaged without a resort to deviation from the recommended sentence”).
Reversed and remanded for sentencing within the guidelines.
FRANK, C.J., and DANAHY and PARKER, JJ., concur.