876 So.2d 686 (2004)
Brandon STALLINGS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3062.
District Court of Appeal of Florida, Fifth District.
June 25, 2004.
*687 James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Defendant below, Brandon Stallings ["Stallings"], contends on appeal that the trial court erred with respect to sentencing. We agree and reverse.
On June 9, 2003, Stallings was charged in a two-count information with escape and highway racing. He entered into a plea agreement in open court. During the plea colloquy, it was adduced that Stallings was eighteen years old. He told the judge that he was "sentenced with eight months and [he] did almost three years" in an Illinois juvenile detention facility.
The State presented the Criminal Punishment Code Scoresheet to the court. The "prior record" section of the scoresheet included the offenses of aggravated fleeing and eluding for 1.6 points, leaving the scene of an accident for .2 points, and DUI for .2 points, for a total of 2.0 points. His total sentence points were 42.2. The scoresheet provided: "If total sentence points are less than or equal to 44, the lowest permissible sentence is any non-state prison sanction." [Emphasis added.] Counsel for Stallings objected to the scoring of the prior offenses on the ground that the offenses were committed more than five years ago when Stallings was only twelve years old. The court determined that it was not error to include the prior offenses because the time under the statute was "five years from the date that his parole ... was terminated." The court adjudicated Stallings guilty and sentenced him to ten months' imprisonment in the Brevard County jail on Count I and sixty days' imprisonment in the Brevard County jail on Count II, to be served concurrently.
On appeal, Stallings repeats his objection to scoring the prior out-of-state juvenile convictions. He asserts that the trial court misapplied section 921.0011(5), Florida Statutes. The State acknowledges that the 2.0 points for out-of-state prior offenses were improperly scored on Stallings' scoresheet, but urges that any error in the scoresheet was harmless because Stallings' guidelines range for sentencing would not change.
If the 2.0 points for prior record were deleted from Stallings' scoresheet, he would have 40.2 total points rather than 42.2 total points. The scoresheet provides that when the points are less than 44, which they would be in either instance, the *688 lowest permissible sentence is any non-state prison sanction. Stallings did receive a non-state prison sentence; however, there was a significant range within which the judge could choose to sentence and the number of points logically might affect the judge's selection within the range.
During the plea colloquy, the court informed Stallings that escape was a "pretty serious charge." The court also told Stallings that he could have hurt or killed someone while driving 85 m.p.h. in a 45 m.p.h. zone. Finally, the court stated it was not going to give Stallings probation as Stallings requested, noting that almost three years in juvenile detention did not help him. There is, in short, no indication whether Stallings' sentence would have been any different if the 2.0 points for prior record had not been included on the scoresheet. However, because criminal defendants should be sentenced using a correct scoresheet, and we cannot be sure that the lower score would not have affected the sentencing decision, we reverse and remand for the trial court to resentence Stallings using a corrected scoresheet. We are unwilling to say that any error in a score below 44 points would be harmless simply because the same sentencing range applies.
REVERSED and remanded.
GRIFFIN, PLEUS and PALMER, JJ., concur.