876 So.2d 1243 (2004)
Christopher K. McCOY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1615.
District Court of Appeal of Florida, Third District.
June 30, 2004.
Bennett H. Brummer, Public Defender and Roy D. Wasson and Annabel Majewski, Special Assistant Public Defenders, for appellant.
Charles J. Crist, Jr., Attorney General and John D. Barker, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and LEVY and SHEPHERD, JJ.
SCHWARTZ, Chief Judge.
Of the issues presented in this appeal from a conviction and 360-month sentence for armed robbery and related offenses, none have merit. The only one which warrants discussion arises from the undisputed fact that the guidelines scoresheet erroneously included points for prior juvenile adjudications. See Bryant v. State, 626 So.2d 1062 (Fla. 2d DCA 1993).
We do not require a new sentencing on this ground, however, because it is clear that the trial judge would have imposed the same sentence, which was well below the maximum permitted by both the correct and the incorrect scores, even upon a proper scoresheet.[1] It is therefore unnecessary formally to choose between what *1244 we might otherwise think is the preferable view of the First District in Hummel v. State, 782 So.2d 450 (Fla. 1st DCA 2001),[2] that affirmance notwithstanding an excessive score is required unless it affirmatively appears that a remand would result in a lower actual sentence, and the conflicting position of the Second District in Anderson v. State, 865 So.2d 640 (Fla. 2d DCA 2004) and Wilson v. State, 877 So.2d 27 (Fla. 2d DCA Case no. 2D03-4313, opinion filed, May 28, 2004), that affirmance results only when, as is true in this case, it is clear that the court would impose the same sentence if the scoresheet were corrected.[3]
Affirmed.
NOTES
[1] The record of the sentencing establishes that the trial court deliberately chose the 360 month term as properly reflecting the term appropriate both for the defendant and the offense:

To the extent that I didn't give the State their 474 or 457 state months, I'm hoping that, by the time Mr. McCoy turns in his late 30's early 40's, he will have gotten his GED, gotten alcohol counseling and at that time may be willing to be a useful member of society or not, in his 40's rather than his 50's, as the State has desired.
[2] It seems to us that Hummel is in accordance not only, as the First District states, with Heggs v. State, 759 So.2d 620 (Fla.2000), but with the general rule that it is the duty of the appellant to make harmful error clearly appear.
[3] We may also observe that the differential in the permitted terms of imprisonment between the right and the wrong scoresheet appears to fall within the permissible percentage deviation suggested by Judge Altenbernd in his quasi-legislative view that the line between reversal and affirmance is to be drawn according to the magnitude of the mistake. See Anderson v. State, 865 So.2d 640, 643-44 (Fla. 2d DCA 2004)(Altenbernd, C.J., concurring).