913 So.2d 93 (2005)
William D. COSBY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2627.
District Court of Appeal of Florida, Fifth District.
October 21, 2005.
James S. Purdy, Public Defender, and Rebecca M. Becker, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Douglas T. Squire, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
William Daniel Cosby timely appeals his sentence for grand theft third degree. He contends he should be resentenced because an incorrect sentencing scoresheet was used at his sentencing. We agree and reverse and remand for resentencing.
The State charged Cosby with two counts of larceny: Count I, dealing in stolen property[1] and Count II, grand theft *94 third degree.[2] At the conclusion of the State's case, the trial court granted Cosby's motion for judgment of acquittal on Count I, dealing in stolen property. The jury found Cosby guilty of Count II, grand theft third degree. Cosby's sentencing scoresheet showed 59 points. The trial court sentenced Cosby to four years' incarceration, consecutive to any other offense he was serving. Unfortunately, the scoresheet submitted to the judge indicated that the primary offense was dealing in stolen property, a level 5 offense scoring 28 points. Grand theft third degree is only a level 2 offense, scoring 10 points. As a result, Cosby's score was incorrect by 19.2 points. The incorrect scoresheet indicated that Cosby's lowest permissible prison sentence was 23.25 months. Under a corrected scoresheet, Cosby would have been entitled to any non-state prison sanction.
At sentencing, Cosby's defense counsel did not offer any additions, corrections, or revisions to the 59 points on the scoresheet. The court sentenced Cosby to four years' incarceration and ordered restitution and payment of court costs and fees. After the court ordered the sentence to be served consecutive to other sentences being served, Cosby pointed out that he was already serving three consecutive sentences of three years each for other convictions. The trial court reaffirmed its ruling. Pursuant to Florida Rule of Criminal Procedure 3.800(b), Cosby moved to correct sentence based on the incorrect scoresheet. The court heard and denied the motion. Cosby appeals from this decision.
The Florida Supreme Court has written that "it is essential for the trial court to have the benefit of a properly calculated scoresheet when deciding upon a sentence." State v. Anderson, 905 So.2d 111, 118 (Fla.2005). Accordingly, it approved the "would-have-been imposed" test for scoresheet error raised on direct appeal or by motion under rule 3.850, Florida Rules of Criminal Procedure. Id. at 112. Under this test, a scoresheet error requires resentencing unless it can be conclusively shown that the same sentence would have been imposed using the correct scoresheet. Anderson v. State, 865 So.2d 640, 642 (Fla. 2d DCA 2004), approved, 905 So.2d 111 (Fla.2005); Walker v. State, 880 So.2d 1262, 1265 (Fla. 2d DCA 2004). Whether the court could have imposed the sentence without departing from a scoresheet is irrelevant. To determine whether the error is harmless, State v. DiGuilio, 491 So.2d 1129 (Fla.1986), this court must examine the record and determine beyond a reasonable doubt that the trial court would have imposed the same sentence. Colon v. State, 909 So.2d 484 (Fla. 5th DCA 2005); Annunziata v. State, 697 So.2d 997, 999 (Fla. 5th DCA 1997). Further, the trial court's denial of Cosby's 3.800(b) motion does not implicate the speculation, subjectivity, and finality concerns addressed by the supreme court while discussing rule 3.800(a) motions because Cosby's motion was filed within the two-year time limit for rule 3.850 motions. See Anderson, 905 So.2d at 118.
Courts have been exceedingly cautious in affirming sentences based upon inaccurate scoresheets. In Frazier v. State, 912 So.2d 54 (Fla. 4th DCA 2005), the defendant had been sentenced to 144 months' (12 years') incarceration. The original scoresheet indicated that her minimum sentence was 83 months (6.9 years). The correct scoresheet indicated 74.5 months (6.2 years). The court held that the relatively small error may have led the judge to impose a lower sentence. Id. Accordingly, it remanded "for either the attachment of conclusive record proof that the *95 same sentence of 12 years would have been imposed, or for re-sentencing with a corrected scoresheet." Id.
This court has remanded cases for resentencing even where a two-point error did not change the sentencing range:
If the 2.0 points for prior record were deleted from Stallings' scoresheet, he would have 40.2 total points rather than 42.2 total points. The scoresheet provides that when the points are less than 44, which they would be in either instance, the lowest permissible sentence is any non-state prison sanction. Stallings did receive a non-state prison sentence; however, there was a significant range within which the judge could choose to sentence and the number of points logically might affect the judge's selection within the range.
* * *
There is, in short, no indication whether Stallings' sentence would have been any different if the 2.0 points ... had not been included on the scoresheet. However, because criminal defendants should be sentenced using a correct scoresheet, and we cannot be sure that the lower score would not have affected the sentencing decision, we reverse and remand for the trial court to resentence Stallings using a corrected scoresheet. We are unwilling to say that any error in a score below 44 points would be harmless simply because the same sentencing range applies.
Stallings v. State, 876 So.2d 686, 687-688 (Fla. 5th DCA 2004).
Similarly, even the trial court's denial of the defendant's request for resentencing does not conclusively demonstrate that the trial court would have given the same sentence with the correct scoresheet. See Corona v. State, 906 So.2d 1202 (Fla. 4th DCA 2005) (holding appellant was entitled to be resentenced because the record did not conclusively demonstrate that the trial court would have given the same sentence had it known the correct score). In this case, the portion of the transcript addressing sentencing does not conclusively demonstrate that the trial judge would have imposed the same sentence with a correct scoresheet. Cf. McCoy v. State, 876 So.2d 1243, 1243 & n. 1 (Fla. 3d DCA 2004) (describing the objectives the trial court expected the defendant to meet during his 360-month sentence).
According to the incorrect scoresheet, Cosby's minimum sentence was 23.25 months. However, under a correct scoresheet, his lowest permissible sentence was any non-state prison sanction. With no citation to support its position, the State argues that the trial court's election of a consecutive sentence and denial of Cosby's motion for resentencing indicate that the court may well have imposed the same sentence if it had a corrected scoresheet. Nevertheless, we cannot affirm the sentence unless we speculate the trial court possibly or probably would have imposed the same sentence. Rather, to sustain the sentence imposed, using the test required by the supreme court, see Anderson, this court must conclude beyond a reasonable doubt that the trial court would have imposed the same sentence. Colon; Annunziata, 697 So.2d at 999. The record in this case does not justify that conclusion. Therefore, we conclude Cosby should be resentenced using a corrected scoresheet.
Therefore, we REVERSE and REMAND so that the trial court may sentence Cosby using the corrected scoresheet.
SHARP, W. and MONACO, JJ., concur.
NOTES
[1] § 812.019(1), Fla. Stat. (2003).
[2] § 812.014(2), Fla. Stat. (2003).