952 So.2d 1271 (2007)
Gene LEWIS, Jr., Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 5D06-248.
District Court of Appeal of Florida, Fifth District.
April 13, 2007.
Kurt Erlenbach, of Kurt Erlenbach, P.A., Titusville, for Appellant/Cross-Appellee.
Bill McCollum, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee/Cross-Appellant.
ORFINGER, J.
Gene Lewis, Jr. timely appeals his sentence for manslaughter with a firearm. Mr. Lewis argues that his scoresheet erroneously increased the level of his offense from a level 7, second-degree felony to a level 8, first-degree felony under section *1272 775.087(1)(b), Florida Statutes (2003), and added an additional eighteen sentence points for the use of a firearm under section 921.0024(1)(b), Florida Statutes (2003). Mr. Lewis contends that because both of these enhancements were for the use of a firearm, their inclusion constituted a double enhancement. We disagree and affirm.
Section 775.087(1)(b), Florida Statutes (2003), provides, in pertinent part:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens to use, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
. . . .
(b) In the case of a felony of the second degree, to a felony of the first degree.
. . . .
For purposes of sentencing under chapter 921 and determining incentive gaintime eligibility under chapter 944, a felony offense which is reclassified under this section is ranked one level above the ranking under s. 921.0022 or s. 921.0023 of the felony offense committed.
Here, it is undisputed that Mr. Lewis used a firearm when committing a felony. Therefore, the trial court properly reclassified his charge of manslaughter, a level 7, second-degree felony to a level 8, first-degree felony.
Section 921.0024(1)(b), Florida Statutes (2003), provides that:
If the offender is convicted of committing or attempting to commit any felony other than those enumerated in s. 775.087(2)[[1]] while having in his or her possession: a firearm as defined in s. 790.001(6), an additional 18 sentence points are assessed. . . .
Again, because it was undisputed that Mr. Lewis used a firearm in the commission of the charged offense, the trial court's inclusion of eighteen additional sentence points is not, on its face, error.
Mr. Lewis contends that his sentence constitutes an impermissible double enhancement because sections 775.087(1)(b) and 921.0024(1)(b) serve the same purpose, i.e., punishment for the use of a firearm during a crime. The disposition of this case is controlled by Grantham v. State, 735 So.2d 525 (Fla. 2d DCA 1999). In that case, Buster Grantham was charged with armed trafficking in methamphetamine. Because Mr. Grantham used a firearm during the crime, the trial court reclassified the charge by one degree and enhanced his sentence one level in accordance with section 775.087(1). The trial court also included eighteen points on the scoresheet for the use of a firearm. On appeal, the court concluded that these enhancements were permissible, stating:
Because trafficking in methamphetamine, armed or otherwise, is not an offense enumerated in section 775.087(2) and the carrying or possessing of a weapon or firearm is not an essential element of that offense, we conclude that the trial court properly reclassified the felony pursuant to section 775.087(1), resulting in an increase of sentencing points. Because Mr. Grantham's weapon of choice was a firearm, the sentence was further enhanced pursuant to section 921.0014(1) for use of a firearm.
735 So.2d at 526. The court also noted that it is not essential that the weapon used during the charged felony is a firearm in order for reclassification under *1273 section 775.087(1). Similarly, in this case, the charged crime is not an offense enumerated in section 775.087(2), and carrying a weapon or firearm is not an essential element of manslaughter.[2] For these reasons, the trial court did not err in enhancing Mr. Lewis's sentence under both section 775.087(1) and section 921.0024(1).[3]
AFFIRMED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] Manslaughter is not enumerated in section 775.087(2), Florida Statutes.
[2] Manslaughter is defined under section 782.07(1), Florida Statutes (2003), as:

The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder, according to the provisions of this chapter, is manslaughter, a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] Even if the trial court erred in applying both sections 775.087(1) and 921.0024(1) to the sentencing scoresheet, it was harmless error. "To determine whether the error is harmless, . . . this [C]ourt must examine the record and determine beyond a reasonable doubt that the trial court would have imposed the same sentence." Cosby v. State, 913 So.2d 93, 94 (Fla. 5th DCA 2005) (citing State v. DiGuilio, 491 So.2d 1129 (Fla.1986)). Based on Mr. Lewis's score with both enhancements, the lowest permissible sentence in prison was 144.375 months (12.03 years). The trial court departed from this sentence by sentencing Mr. Lewis to five years, followed by fifteen years probation. If the trial court had removed one of the enhancements from the scoresheet, the lowest permissible prison sentence would have been 130.875 months (10.9 years). Mr. Lewis's sentence is still well below this recalculated sentence, and it is unlikely that the trial court would have further reduced its sentence in light of the recalculation.