PER CURIAM.
Appellant, Jason Morse, correctly asserts in his sole issue on appeal that there were errors in the calculations in his Criminal Punishment Code Scoresheet (“score-sheet”). The trial court announced that it was sentencing Appellant to the lowest permissible sentence, which was incorrectly calculated as 461.25 months. The correct calculations would have resulted in the lowest permissible sentence being 393.75 months. The State concedes error. We reverse so that Appellant can be resen-tenced utilizing a corrected scoresheet.
Appellant was found guilty of three counts of aggravated assault on a law enforcement officer with a firearm. Instead of scoring thirty-six points for a single primary offense and thirty-six points total for the two additional offenses, the sentencing scoresheet improperly combined all three offenses and scored them together as “primary offenses” totaling 108 points. See Fla. R. Crim. P. 3.703(d)(7)-(8). This error resulted in reflecting a lowest permissible sentence of 461.25 months for Appellant when the scoresheet should have reflected a lowest permissible sentence of 393.75 months in the Florida Department of Corrections. In making its decision on sentencing, the trial court remarked, “[t]he lowest permissible sentence-is 461.25 months; ... Okay. Court’s going to impose 461.25 months.” Appellant was sentenced to the lowest permissible *1258 sentence according to the erroneous score-sheet.
“All defendants are entitled to be sentenced under a correctly scored and calculated score sheet.” Cooper v. State, 902 So.2d 945, 946 (Fla. 4th DCA 2005) (quoting Fortner v. State, 830 So.2d 174, 175 (Fla. 2d DCA 2002)); see also State v. Anderson, 905 So.2d 111, 118 (Fla.2005) (noting that “it is essential for the trial court to have the benefit of a properly calculated scoresheet when deciding upon a sentence”). In Anderson, the Florida Supreme Court “approved the ‘would have been imposed’ test for scoresheet error raised on direct appeal or by motion under rule 3.850” to show harmless error. Cosby v. State, 913 So.2d 93, 94 (Fla. 5th DCA 2005) (quoting Anderson, 905 So.2d at 112).
Here, “the error is not harmless because [Appellant] was sentenced to the lowest permissible sentence under the incorrectly calculated scoresheet and nothing in the record conclusively shows the sentence would have been the same under an accurate one.” Hughes v. State, 139 So.3d 477, 478 (Fla. 2d DCA 2014). Because the record does not conclusively show that the trial court would have imposed the same sentence using a properly prepared score-sheet, we reverse Appellant’s sentence and remand for resentencing with a corrected scoresheet.
The convictions are affirmed; the sentence is reversed; and the case is remanded for resentencing.
AFFIRMED in part, REVERSED in part and REMANDED.
EVANDER, BERGER and EDWARDS, JJ., concur.