974 So.2d 542 (2008)
Jose Luis BARAJAS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3947.
District Court of Appeal of Florida, Fourth District.
February 13, 2008.
Jose Luis Barajas, Avon Park, pro se.
Bill McCollum, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Jose Luis Barajas appeals the denial of his rule 3.850 motion, At a hearing on some of his claims, the state agreed with Barajas that his conviction for count V should be vacated based on a double jeopardy violation. The trial court accepted the concession and recognized that this would require a new sentencing hearing with a corrected scoresheet. The written order vacated the conviction and sentence on count V, but Barajas was not re-sentenced on the remaining charges. On appeal, the state agrees that re-sentencing is required. See State v. Anderson, 905 So.2d 111 (Fla.2005) (holding that the proper test for determining whether resentencing is required as a result of a scoresheet error raised in a 3.850 motion is whether the record conclusively shows the same sentence would have been imposed with a correct scoresheet); Leyva v. State, 929 So.2d 1210 (Fla. 4th DCA 2006). Accordingly, we reverse the circuit court's order and remand for the court to resentence Barajas on the remaining charges with a corrected scoresheet.
We affirm the denial of Barajas' remaining claims.
STONE, FARMER and MAY, JJ., concur.