997 So.2d 1146 (2008)
Jawid LAHRIZI, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-2552.
District Court of Appeal of Florida, Third District.
December 3, 2008.
Rehearing Denied January 5, 2009.
*1147 Jawid Lahrizi, in proper person.
Bill McCollum, Attorney General, for appellee.
Before WELLS, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, J.
The defendant was charged with, and convicted by a jury of committing three counts of armed robbery. The judgment and sentences were subsequently affirmed on direct appeal.
Count one charged the defendant with committing armed robbery against Carolina Lipman by taking her purse and jewelry from her at gunpoint; count two charged the defendant with committing armed robbery against Clara San Martin by taking money and clothing within her the custody and control at gunpoint; and count three charged the defendant with committing armed robbery against Clara San Martin by taking her purse and jewelry from her at gunpoint.
In June 2006, the defendant filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a), alleging that the conviction and sentence in count three must be vacated on double jeopardy grounds. The trial court agreed with the defendant because, although some of the items taken in counts two and three did not belong to Ms. San Martin, all of the items were within Ms. San Martin's custody and control at the time of the taking. On September 12, 2006, the trial court vacated the conviction and sentence as to count three, finding that the convictions for the armed robberies charged in counts two and three constituted double jeopardy. The defendant appealed the revised judgment issued by the trial court, which deleted all reference to count three and left the convictions and sentences as to counts one and two undisturbed. This Court affirmed. Lahrizi v. State, 945 So.2d 521 (Fla. 3d DCA 2006).
The defendant filed another rule 3.800 motion on March 26, 2008, alleging that on the basis of Barajas v. State, 974 So.2d 542 (Fla. 4th DCA 2008), when the trial court vacated the conviction in count three, he was entitled to a new sentencing hearing. The trial court denied the defendant's motion, and we affirm the denial of this rule 3.800 motion.
Barajas does not hold that whenever a conviction in a multiple count case is vacated, a defendant is entitled to a new sentencing hearing. In Barajas, the State agreed that Barajas was entitled to a new sentencing hearing with a corrected scoresheet because the record did not conclusively reflect whether the sentence imposed would be the same under the corrected scoresheet. Moreover, Barajas filed a rule 3.850 motion for postconviction relief, not a rule 3.800 motion, alleging that the sentence was illegal.
Because the sentences imposed in counts one and two are not illegal sentences (they do not exceed the guidelines nor the statutory *1148 maximum), and because a review of the sentencing transcript reveals that the trial court imposed twenty-five-year sentences in each of the three counts based upon the seriousness of the offenses and the impact these offenses had upon the lives of the two victims, we affirm the trial court's denial of the defendant's motion filed pursuant to rule 3.800.
Affirmed.