PER CURIAM.
Appellant, Willie James Mitchum [“Mitchum”], appeals the summary denial of his Rule 3.800(a) motion for jail credit. He claims that he is entitled to 141 days credit against his sentence for his pre-trial detention in Sumter County Jail. Although the court orally pronounced this credit, the written sentence did not provide for it.
The trial court denied Mitchum’s motion, on the ground that the Sumter County Jail had prepared a certificate verifying the 141 days claimed by him, and the certificate had been transmitted to the Florida Department of Corrections. The trial court indicated that a copy of the certificate would be attached to the order, but there was no such attachment. The State, in responding to this appeal, attached a copy of the certificate in which the Sheriff of Sumter County certified that Mitchum was incarcerated in jail from April 19, 2002, until his sentence on September 6, 2002, for a total of 141 days.
Although this is a purely technical point, and the trial court’s denial of the motion appears not to have prejudiced Mitchum, we are bound to reverse because it is the responsibility of the trial court to determine the amount of jail credit and to provide for it in the written sentence. See Martin v. State, 799 So.2d 343 (Fla. 5th DCA 2001). See also State v. Mancino, 714 So.2d 429 (Fla.1998); § 921.161(1), Fla. Stat. (2002) (court in imposing a sentence shall allow a defendant credit for all of the time spent in the county jail before sentence; the credit must be for a specified period of time and shall be provided for in the sentence).
REVERSED and REMANDED.
PETERSON, GRIFFIN, and SAWAYA, JJ., concur.