939 So.2d 1158 (2006)
Richard D. BUDD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-2520.
District Court of Appeal of Florida, Second District.
October 20, 2006.
DAVIS, Judge.
Richard D. Budd challenges the postconviction court's denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the denial of his first two claims without comment, but we affirm in part and reverse in part the denial of his remaining claim.
Budd argues that counsel was ineffective for failing to object to two scoresheet errors. First, Budd argues that his primary offense is incorrectly scored. The postconviction court was correct to deny this portion of the claim as successive, and we affirm without comment.
Second, Budd argues that he was scored eighteen community sanction violation points when he should have only received six because he only violated a community sanction once. According to Florida Rule of Criminal Procedure 3.703(d)(17), six community sanction violation points must be assessed for each successive violation that follows a continuation of supervision or the modification or revocation of it. However, the violation of multiple conditions or counts of a single community sanction does not constitute "successive violations" within the meaning of the rule. See Williams v. State, 720 So.2d 590, 591 (Fla. 2d DCA 1998).
*1159 The State candidly concedes the scoresheet error. Because the record does not conclusively show that the same sentence would have been imposed, particularly where the lowest permissible prison sentence was previously imposed, we reverse and remand for the postconviction court to resentence Budd pursuant to a corrected scoresheet. See State v. Anderson, 905 So.2d 111, 118-19 (Fla.2005).
Affirmed in part, reversed and remanded in part.
ALTENBERND and WHATLEY, JJ., Concur.