SILBERMAN, Judge.
 

 Larry Eugene Shorter, Jr., appeals his sentence for child abuse entered after the trial court revoked his probation. Because the trial court improperly included victim injury points on the scoresheet for a crime that was not before the court for sentencing, which the State concedes, we reverse and remand for resentencing with a corrected scoresheet.
 

 The trial court revoked Shorter’s probation based upon new law offenses and sentenced him to 53.7 months in prison. The Criminal Punishment Code scoresheet showed 53.7 months as the lowest permissible prison sentence. The scoresheet included forty points for severe victim injury. Those points were assessed, however, for victim injury resulting from the new law offense of leaving the scene of an accident with injury, which was not before the court for sentencing.
 

 Shorter brought this issue to the trial court’s attention in a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
 
 See Jackson v. State,
 
 983 So.2d 562, 572 (Fla.2008) (recognizing inaccurate scoresheets as “sentencing errors” subject to preserva
 
 *1064
 
 tion by rule 3.800(b)(2));
 
 State v. Anderson,
 
 905 So.2d 111, 118 (Fla.2005) (stating that a rule 3.800(b) motion is a method to correct scoresheet error);
 
 Harper v. State,
 
 5 So.3d 765, 765-66 (Fla. 2d DCA 2009) (stating that scoresheet error was preserved for review by rule 3.800(b)(2) motion). Our record reflects that the trial court did not rule on the motion within sixty days; thus, we deem the motion denied.
 
 See Harper,
 
 5 So.3d at 766 n. 1.
 

 Because Shorter was not before the court for sentencing on the leaving the scene of an accident charge, it was improper to consider those victim injury points in sentencing Shorter for child abuse.
 
 See
 
 § 921.0021(7)(a), Fla. Stat. (2002) (“ ‘Victim injury’ means the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.”). Shorter argues that the trial court clearly intended to sentence him to the lowest permissible prison sentence on the scoresheet and that we should reverse and remand for the trial court to resen-tence him to the lowest permissible prison sentence based on a corrected scoresheet that does not include the forty victim injury points. The State contends that resen-tencing is required to determine whether the trial court would1 impose the same sentence of 53.7 months under a corrected scoresheet.
 

 The Florida Supreme Court has determined that the test to be applied on a direct appeal regarding whether score-sheet error requires resentencing is the “would-have-been imposed” test.
 
 See Anderson,
 
 905 So.2d at 118. “If the reviewing court cannot determine conclusively from the record that the trial court would have imposed the same sentence despite the erroneous scoresheet, remand for resentencing is required.”
 
 Id.
 
 at 116. Based on our record, including the transcript of the sentencing hearing, we cannot say conclusively what the trial court would have done had the forty victim injury points not been included on the scoresheet.
 
 See id.; Budd v. State,
 
 939 So.2d 1158, 1159 (Fla. 2d DCA 2006). Thus, we reverse Shorter’s sentence and remand for resentencing based on a corrected score-sheet that does not include the forty victim injury points.
 

 Sentence reversed and remanded.
 

 DAVIS and WALLACE, JJ„ Concur.