BLACK, Judge.
Clarence Carlton challenges his judgment and sentence for aggravated assault. We affirm the length of Carlton’s sentence. However, he argues, and the State correctly concedes, that we must remand this case for the court to strike the habitual felony offender (HFO) designation so that the written sentence comports with the oral pronouncement.
The trial court adjudicated Carlton guilty of aggravated assault, a third-degree felony, and sentenced him to 25.4 months in prison, which is within the statutory guidelines. See §§ 784.021(2), 775.082(3)(d), Fla. Stat. (2010). At the sentencing hearing, the State requested an HFO designation but the court did not find enhancement appropriate. Accordingly, it did not include that designation in its oral pronouncement, but it did include an HFO designation on the written sentence.
Subsequent to filing his notice of appeal, Carlton appropriately filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion, raising the oral versus written discrepancy. The court found the motion facially sufficient and ordered the State to respond. However, the State failed to respond, and the trial court failed to rule on this motion within sixty days; thus, we deem the motion denied. See Shorter v. State, 14 So.3d 1063, 1064 (Fla. 2d DCA 2009).
When there is a discrepancy between the written sentence and the oral pronouncement, the oral pronouncement prevails. See Rivera v. State, 34 So.3d 207, 208 (Fla. 2d DCA 2010). Because the trial court’s oral pronouncement of Carlton’s sentence does not include an HFO designation but his written sentence does, we remand this case with directions for the trial court to correct this scrivener’s error. *1195 See Jackson v. State, 936 So.2d 1172, 1172 (Fla. 1st DCA 2006). Because this is a ministerial act, Carlton’s presence is not required. See id.
Affirmed in part; remanded with instructions.
ALTENBERND and VILLANTI, JJ„ Concur.