ALTENBERND, Judge.
Michael R. Long appeals amended sentences entered on October 4, 2011, in four cases. Mr. Long was originally sentenced in all four cases at a single sentencing hearing in 1998. Despite the court’s repeated efforts to impose lawful sentences in these cases, the State concedes that the sentences on appeal must be reversed.[1]
The single sentencing hearing in 1993 concerned trial court case numbers 89-CF-3175, 92-CF-1906, 92-CF-5714, and 92-CF-5816. In case number 89-CF-3175, the sentence was imposed on the revocation of community control. The sentences imposed in case number 92-CF-1906 were based on a negotiated plea for concurrent habitual offender sentences. The remaining sentences were imposed following jury trials. At the time of the 1993 sentencing proceeding, there appear to have been nineteen convictions among the four cases.
Mr. Long appealed his convictions and sentences in case numbers 92-CF-5714 and 92-CF-5816. This court affirmed the convictions but reversed the sentences and remanded for resentencing. Long v. State, 652 So.2d 1222 (Fla. 2d DCA 1995).
When those two cases returned to the trial court for resentencing in 1996, the trial court not only entered amended sentences in case numbers 92-CF-5714 and 92-CF-5816, but also entered new concurrent habitual offender sentences in case number 92-CF-1906 “pursuant to mandate.” We have no transcript from this hearing and it is not clear why the court entered new sentences in case number 92-CF-1906. The new sentences, however, appear to be the same sentences that were imposed in 1993 except for provisions for credit for time served prior to resentenc-ing and the omission of a reference to a sentencing guidelines scoresheet. The longest habitual offender sentence imposed in case number 92-CF-1906 was forty years’ imprisonment. All of the sentences in each case were imposed concurrently, but the sentences in case number 92-CF-5714 were to run consecutive to the sentences in case number 92-CF-5816.
*1098 In 2009, Mr. Long filed two motions to correct illegal sentences. The first one was filed in case number 92-CF-1906, and it was denied. This court affirmed the denial of this motion. Long v. State, 61 So.3d 1124 (Fla. 2d DCA 2011). Thus, it appears that Mr. Long has been serving lawful sentences on the convictions in case number 92-CF-1906 since 1996, if not 1993.
The second motion to correct illegal sentence was filed in case number 92-CF-5714. The trial court granted this motion in that one case. For reasons that are not clear to this court, the trial court then resentenced Mr. Long in 2011 in all four of the cases. In case number 92-CF-1906, the trial court resentenced Mr. Long under the sentencing guidelines even though Mr. Long was already serving legal habitual offender sentences on those convictions. The 1991 scoresheet used by the trial court at this sentencing hearing thus included points for the convictions in case number 92-CF-1906. As a result, Mr. Long’s recommended sentence on the 1991 scoresheet relied upon in 2011 was life imprisonment. The trial court entered amended sentences in all four of the cases, imposing life sentences on several of the convictions in case numbers 92-CF-1906, 92-CF-5714, and 92-CF-5816. The amended sentences in the four cases were rendered on October 4, 2011, and this appeal ensued.
In this appeal, Mr. Long essentially argues that (1) the convictions in three of the cases, case numbers 89-CF-3175, 92-CF-5714 and 92-CF-5816, were to be resen-tenced as sentencing guidelines cases, (2) the convictions in case number 92-CF-1906 were supposed to be sentenced under habitual offender sentencing and could not be scored as additional offenses on the sentencing guidelines scoresheet, and (3) the trial court thus committed reversible error by resentencing him based on a guidelines scoresheet that included points for the offenses in case number 92-CF-1906. The State concedes error on these points. The State adds that the trial court also erred in resentencing Mr. Long under the guidelines rather than as a habitual felony offender for the convictions in case number 92-CF-1906.
We address each case in hopes that we can assist the trial court in achieving lawful sentences on remand.

Case Number 89-CF-317S

Mr. Long was originally sentenced to five years’ imprisonment on a revocation of community control in case number 89-CF-3175. This sentence had been fully served by the time the trial court entered the 2011 amended sentence. The 2011 amended sentence again imposed a five-year term of imprisonment. Although it was proper to score this offense on the score-sheet in order to resentence Mr. Long as he should have been sentenced in 1993, the sentence had expired and no new sentence should have been imposed in 2011 in this case. Accordingly, on remand, the amended sentence imposed in 2011 in case number 89-CF-3175 should be vacated.

Case Number 92-CF-1906

Although the State is correct that the trial court could not change the sentences in this case from habitual offender sentences to guideline sentences, we conclude that the error in this case is more basic. The sentences in ease number 92-CF-1906 have been proper sentences since at least 1996. Mr. Long has been serving these legal sentences. The trial court had no authority to change these sentences, much less to transform some of the sentences into life sentences. See Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). Accordingly, on remand, the trial court should vacate the amended sentences in case number 92-CF-1906 and reinstate the amended sentences that had been entered in 1996.

*1099
Case Numbers 92-CF-571U and 92-CF-5816

The State properly concedes that the trial court was not authorized to include points for the convictions in case number 92-CF-1906 on the 1991 sentencing guidelines scoresheet used to calculate the sentences in these two cases. See Eblin v. State, 677 So.2d 388, 389 (Fla. 2d DCA 1996) (“When a defendant is being sentenced as a habitual offender for some cases and under the guidelines for other cases at the same hearing, it is improper to score the crimes for which he receives habitual offender treatment as additional offenses in calculating the guidelines sentence.”). Accordingly, we reverse the amended sentences entered in case numbers 92-CF-5714[2] and 92-CF-5816, and we remand for resentencing. On remand, a new scoresheet must be prepared that excludes the points for the convictions in case number 92-CF-1906. In resentenc-ing Mr. Long, the trial court is authorized to reimpose life sentences on the life-eligible offenses in ease numbers 92-CF-5714 and 92-CF-5816 if it provides a proper reason, in writing, for upward departure sentences.[3] See State v. Betancourt, 552 So.2d 1107 (Fla.1989); Roberts v. State, 547 So.2d 129 (Fla.1989).
Reversed and remanded with directions.
LaROSE and KHOUZAM, JJ., Concur.

. The seal of the supreme court and of this court contains the motto: "Sat Cito Si Recte.” Roughly translated, it means that a decision is reached soon enough if it is reached rightly or correctly. Twenty years seems like a long time in which to make a sentencing decision, but hopefully it will be decided “recte” on the next attempt.

. We note that the trial court entered an amended written judgment in 2011 that differs in several respects from the prior written judgments in case number 92-CF-5714. Significantly, it changes the descriptions of the offenses on several of the counts. It also dismisses count five, which had been included in the prior written judgments. On the record provided to this court, it appears that the dismissal of this count resulted from Mr. Long’s motion to correct illegal sentence in which he asserted a double jeopardy argument with respect to the dual convictions on count one, burglary of a dwelling with assault or battery with a dangerous weapon, and count five, aggravated assault with a firearm (as a lesser included to the charged offense). At the resentencing hearing, the State conceded that "[i]t merges and dismisses by function of law.” The propriety of the dismissal of this conviction is not before this court and we express no opinion in that regard. However, the 2011 resentencing hearing reflects a significant amount of confusion about the offenses and their count numbers, and it is not entirely clear that the 2011 written judgment in case number 92-CF-5714 is correct. On remand, the trial court should ensure that an amended judgment is entered that correctly describes the offenses for which Mr. Long now stands convicted.

. The trial court is cautioned to consider Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and State v. Fleming, 61 So.3d 399 (Fla.2011), when addressing any reasons for imposing upward departure sentences in this case.