NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

MICHAEL RICHARD LONG,                    )
                                         )
                Appellant,               )
                                         )
v.                                       )          Case No. 2D14-2837
                                         )
STATE OF FLORIDA,                        )
                                         )
                Appellee.                )
_____)

Opinion filed August 26, 2016.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Howard L. Dimmig, II, Public Defender,
and Terrence E. Kehoe, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and John M. Klawikofsky,
Assistant Attorney General, Tampa, for
Appellee.

SILBERMAN, Judge.

        After a remand for resentencing in two 1992 circuit court cases, numbers

92-CF-5714 (case 5714) and 92-CF-5816 (case 5816), see Long v. State, 114 So. 3d

1096, 1099 (Fla. 2d DCA 2013), Michael Richard Long appeals his amended sentences

entered in 2014.  In case 5714, Long was resentenced on seven convictions that arose

from an armed home invasion robbery and kidnapping, including sentences of life in prison on four convictions.  In case 5816, he was resentenced on three convictions that arose from an armed home invasion robbery, including sentences of life in prison on two convictions.  We affirm without discussion the life sentences that Long challenges.  As to other errors in the amended judgments and sentencing documents, the State concedes error, and we reverse in part and remand for correction of those errors discussed below.

## I.  Sentences Must State Credit for Time Served

Long preserved this issue in his motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), and the motion was deemed denied when the trial court did not timely rule on the motion.  See Fla. R. Crim. P. 3.800(b)(2)(B).  Long argues and the State concedes that the sentences failed to specify the amount of jail credit to which Long is entitled as required by section 921.161, Florida Statutes (2013).  See Mitchum v. State, 846 So. 2d 1157, 1158 (Fla. 5th DCA 2003).  At resentencing, the trial court announced that Long was to be awarded credit for any time to which he was legally entitled.  Each written sentence states only that the defendant is to receive jail credit but does not specify the amount.  Thus, we reverse and remand for the trial court to enter corrected sentences that state the specific amount of jail credit awarded.  See id.

## II.  Written Sentences Do Not Match Oral Sentences

Long contends that the written sentences do not comport with the oral pronouncements and that the written sentences must be corrected.  See Carlton v. State, 86 So. 3d 1194, 1194 (Fla. 2d DCA 2012) (recognizing that the written sentence

must be corrected to comport with the oral pronouncement when they are inconsistent). Long preserved this issue for appeal in his rule 3.800(b)(2) motion, and the State concedes error.

The trial court imposed sentences of life in prison on six convictions and five years in prison on the remaining four convictions. The problem with the written sentences appears to be with the form currently used by Hillsborough County. For example, the written sentence for count 1 in case 5714 states as follows:

**Ct.1 SENTENCE: ADULT FELONY**

Confinement(Effective 05/22/2014, Min. Not Applicable, Max. Life, FLORIDA DEPARTMENT OF CORRECTIONS)Provisions
- AMENDED SENTENCE,
- DEFENDANT TO RECEIVE JAIL CREDIT, Special Provisions
- RESENTENCING,

Sentence Status (EACH COUNT CONCURRENT)

The other sentences for which the trial court orally imposed life in prison all state "Min. Not Applicable, Max. Life," and all the sentences for which the trial court orally imposed five years in prison state "Min. Not Applicable, Max. 5 Yr." Thus, the written sentences provide that no minimum is applicable and that the maximum is life, or five years, respectively. But the written sentences do not explicitly state what sentence the trial court imposed.

Florida Rule of Criminal Procedure 3.986(d) provides a form for sentencing that demonstrates how to explicitly state a sentence. In pertinent part, the form provides as follows:

To Be Imprisoned (check one; unmarked sections are inapplicable):

- 3 -

          \_\_\_\_       For a term of natural life.

          \_\_\_\_       For a term of \_\_\_\_\_.

Fla. R. Crim. P. 3.986(d). As Long argues and the State concedes, because the sentences in case 5714 and case 5816 do not explicitly state what term of imprisonment the trial court imposed, we reverse and remand for the trial court to enter corrected sentences that explicitly state the term of imprisonment.

## III. Cost of Appeal Must Be Stricken

The sentencing documents in case 5816 provide for a $100 fee for filing a notice of appeal. Long was found indigent and appointed a public defender for appeal. Long argues that because he was found indigent for purposes of appeal, the imposition of this fee was improper and should be stricken. See § 57.081(1), Fla. Stat. (2013). Long preserved this issue for appeal in his rule 3.800(b)(2) motion, and the State concedes error. Thus, we reverse that portion of the sentence that imposes the fee and direct that on remand the fee not be included on his corrected sentences.

## IV. Amended Judgments Must Be Corrected

On the previous appeal, this court directed the trial court to conduct a resentencing in both case 5714 and case 5816 and directed the trial court to enter an amended judgment in case 5714 to "correctly describe[] the offenses" and noted that there was "a significant amount of confusion about the offenses and their count numbers." Long v. State, 114 So. 3d 1096, 1099 n.2 (Fla. 2d DCA 2013). In resentencing Long in 2014, the trial court entered an amended judgment in case 5714 and a judgment in case 5816 that checks the option "Resentence." Long argues on this

appeal that scrivener's errors appear in both 2014 judgments. The State concedes that scrivener's errors should be corrected on remand.

The 2014 judgments incorrectly indicate that Long entered guilty pleas on the offenses for which he was convicted rather than indicating that he had been tried and found guilty. On remand the trial court shall correct the judgments to properly reflect Long's convictions after jury trial and to correct the disposition date from May 22, 2014, to the dates he was originally adjudicated guilty. See Nichols v. State, 159 So. 3d 340, 340-41 (Fla. 2d DCA 2015) (directing correction of scrivener's errors in judgments regarding whether the defendant was convicted after jury trial or entered a guilty plea).

In addition, the 2014 amended judgment in case 5714 correctly reflects the statute for robbery with a firearm for count two but shows a charge of armed kidnapping. This may be the confusion that this court previously noted in Long, 114 So. 3d at 1099 n.2. Long was charged with, found guilty of, and adjudicated guilty in 1993 of robbery with a firearm in count two. During the 2014 resentencing, the trial court noted the need for an amended judgment to reflect the correct offenses and properly stated the conviction in count two as a robbery rather than a kidnapping. Thus, on remand the amended judgment in case 5714 must be corrected to show robbery with a firearm for count two.

In summary, we affirm the life sentences that Long challenges but reverse and remand for correction of the errors in the amended judgments and sentencing documents.

Affirmed in part, reversed in part, and remanded.

WALLACE and MORRIS, JJ., Concur.