NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALEX RODRIGUEZ,                                )
                                               )
            Appellant,                         )
                                               )
v.                                             )            Case No.  2D16-284
                                               )
 STATE OF FLORIDA,                             )
                                               )
            Appellee.                          )
                                               )
_____)

Opinion filed March 31, 2017.

Appeal from the Circuit Court for Hendry
County; James D. Sloan, Judge.

Howard L. Dimmig, II, Public Defender, and
Megan Olson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, for Appellee.


LaROSE, Judge.


            Appellant's counsel filed a brief pursuant to Anders v. California, 386 U.S.

738 (1967).  We have jurisdiction.  See Fla. R. App. P. 9.140(b)(1)(A), (F).  We affirm

Alex Rodriguez's judgments and sentences.  Because our independent review of the

record reveals several scrivener's errors in the amended judgment and sentences, we

remand for correction.

The State charged Mr. Rodriguez with two counts of aggravated assault with a firearm involving actual possession and discharge (counts 1 and 2), one count of discharging a firearm in public (count 3), and one count of shooting into an unoccupied vehicle (count 4). The State entered a nolle prosequi on count 4, and the jury found Mr. Rodriguez guilty as charged on the remaining counts. At sentencing, the trial court rejected defense counsel's request to sentence Mr. Rodriguez as a youthful offender. Instead, the trial court imposed concurrent mandatory minimum terms of twenty years' imprisonment on counts 1 and 2, and 170 days in jail on count 3.

Despite the trial court's refusal to impose a youthful offender sentence, the written judgment and sentence erroneously states that Mr. Rodriguez received such a sentence. "[T]he oral pronouncement controls and constitutes the legal sentence imposed." Williams v. State, 957 So. 2d 600, 603 (Fla. 2007). Accordingly, we remand for the trial court to correct this error. See Ashley v. State, 850 So. 2d 1265, 1268 (Fla. 2003); Justice v. State, 674 So. 2d 123, 126 (Fla. 1996).

Further, the judgment incorrectly reflects that Mr. Rodriguez was convicted on count 3 for discharging a firearm from a vehicle under section 790.15(2), Florida Statutes (2013). Because the judgment lists a conviction for the incorrect offense, remand is appropriate for correction of this error. See Grant v. State, 983 So. 2d 730, 730 (Fla. 2d DCA 2008) ("[W] remand "for the trial court to correct the scrivener's error so that the judgment and sentence accurately reflect the jury's verdict."). Correspondingly, the trial court should amend the judgment for count 3 to reflect the correct statute number under which Mr. Rodriguez was sentenced. See Mosley v. State, 688 So. 2d 999, 1000 (Fla. 2d DCA 1997) ("[W]e treat the citation to the incorrect

- 2 -

statute as a scrivener's error and remand this case for correction of the judgment to indicate a conviction under section 810.02(2)(a).").

Mr. Rodriguez need not be present when these scrivener's errors are corrected. See Palmer v. State, 141 So. 3d 696, 697 (Fla. 2d DCA 2014).

Affirmed; remanded to correct scrivener's errors.


NORTHCUTT and CRENSHAW, JJ., Concur.