NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

KEVIN BLACK,                          )
                                      )
              Appellant,              )
                                      )
v.                                    )          Case No. 2D15-4556
                                      )
STATE OF FLORIDA,                     )
                                      )
              Appellee.               )
_____  )


Opinion filed October 10, 2018.

Appeal from the Circuit Court for Lee
County; Mark A. Steinbeck, Senior
Judge.

Terrence E. Kehoe of Law Office of
Terrence E. Kehoe, Orlando, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Dawn A. Tiffin,
Assistant Attorney General, Tampa,
for Appellee.


NORTHCUTT, Judge.

         Kevin Black appeals his judgment and sentences after a jury convicted

him of four separate offenses.  We find merit in one of his complaints.

         The supreme court quashed Black's initial convictions and remanded for a

new trial.  Black v. State, 157 So. 3d 1041 (Fla. 2014) (table decision).  He was

convicted again, and the trial court sentenced him to lengthy prison sentences. The court awarded Black 254 days' credit for the time he spent in jail after his return from the Department of Corrections pending the second trial. However, it ordered the DOC to calculate Black's prison credit as well as the jail credit to which he was entitled while awaiting his first trial. Black argues that the court erred in failing to calculate the prison credit and the entirety of the jail credit. This issue was preserved for appeal by way of a motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).

"[A] trial court may delegate to the Department of Corrections the task of calculating the amount of prison credit that is due . . . ." McCall v. State, 88 So. 3d 1015, 1016 (Fla. 2d DCA 2012). However, the court must specify the amount of jail credit to which a defendant is entitled. § 921.161(1), Fla. Stat. (2016) (mandating that an award of jail credit must be "for a specified period of time and shall be provided for in the sentence"); see also Long v. State, 202 So. 3d 84, 86 (Fla. 2d DCA 2016). Accordingly, we reverse that portion of the sentencing order that delegates to the DOC the task of calculating jail credit, and we remand to the trial court to calculate such credit. The judgment and sentences are affirmed in all other respects.

Affirmed in part, reversed in part, and remanded with instructions.


SALARIO and ROTHSTEIN-YOUAKIM, JJ., Concur.