NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | | |
|---|---|---|
| STEVEN PAUL CROWLEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 2D18-2024 |
| | ) | |
| STATE OF FLORIDA, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Opinion filed July 19, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Pinellas County; Philip J. Federico, Judge.

LaROSE, Judge.

Steven Paul Crowley appeals the postconviction court's summary denial of

his pro se motion to correct illegal sentence. See Fla. R. Crim. P. 3.800. Because the

claim on appeal is meritless, see Cotto v. State, 139 So. 3d 283, 288-89 (Fla. 2014);

State v. Mosley, 149 So. 3d 684, 688 (Fla. 2014), we affirm the postconviction court's

order. However, we remand to correct the scrivener's error in the written sentence for

count two.

The jury found Mr. Crowley guilty of two counts of aggravated battery.

See § 784.045, Fla. Stat. (2014). After a successful rule 3.800(b) motion, the trial court

orally resentenced Mr. Crowley to consecutive terms of thirty years in prison as a

habitual felony offender (HFO) with a fifteen-year mandatory minimum prison term as a prison releasee reoffender (PRR) on count one, and fifteen years in prison as a PRR on count two.

The corrected written sentence for count two states as follows: "The defendant is adjudicated a habitual felony offender and is sentenced to an extended term in accordance with the provision of 775.084(4)(a), Florida Statutes [(2016)]."  This does not conform to the trial court's oral pronouncement that imposed a PRR sentence, not a HFO sentence.  Additionally, the corrected written sentence itself imposed only a fifteen-year sentence, not an enhanced HFO sentence.  See § 775.084(4)(a) (providing the trial court may sentence a HFO "[i]n the case of a felony of the second degree, for a term of years not exceeding 30").

The HFO designation in the written sentence for count two is clearly a scrivener's error that should be corrected on remand to conform to the oral pronouncement.  See Carlton v. State, 86 So. 3d 1194, 1194 (Fla. 2d DCA 2012) ("Because the trial court's oral pronouncement of Carlton's sentence does not include an HFO designation but his written sentence does, we remand this case with directions for the trial court to correct this scrivener's error [raised on direct appeal]."); see also Herrera v. State, No. 2D18-1933, 2019 WL 2307120, at *1 (Fla. 2d DCA May 31, 2019) (affirming an order denying relief under rule 3.800(a) but remanding to correct "a clear scrivener's error that could result in the waste of additional judicial resources if not corrected").  On remand, the trial court shall strike the HFO designation from Mr. Crowley's written sentence for count two.  Mr. Crowley need not be present for the correction of the scrivener's error.  See Rodriguez v. State, 223 So. 3d 1053, 1055 (Fla. 2d DCA 2017).

Affirmed and remanded with directions.

VILLANTI and ATKINSON, JJ., Concur.