# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-2444
LT Case No. 2019-CF-008740-A

_____

CODY J. KEY,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.800 appeal from the Circuit Court for Duval County.
Mark J. Borello, Judge.

Cody J. Key, Clermont, pro se.

No Appearance for Appellee.

September 29, 2023

KILBANE, J.

Cody J. Key, ("Key"), appeals the trial court's denial of his motion under Florida Rule of Criminal Procedure 3.800 to correct an illegal sentence. We affirm the trial court on the issues raised by appellant without discussion. However, we reverse and remand, to correct a conflict between the orally pronounced sentence and the written judgment and sentence.

Key was convicted of burglary of a dwelling or structure with damage in excess of $1,000 (count 1); burglary of a dwelling (counts 2 and 3); grand theft auto (counts 4 and 5); and trespass in structure or conveyance (count 6).

The State gave notice of intent to classify Key as a Prison Releasee Reoffender, a Habitual Felony Offender, and a Violent Career Criminal ("VCC"). The offense in count 1 is a first-degree felony punishable by a sentence up to and including life imprisonment. § 810.02(2)(c)2., Fla. Stat. (2010). As such, when as in this case, the defendant qualifies as a VCC, the required sentence for count 1 is life imprisonment. § 775.084(4)(d)1., Fla. Stat.

In its oral sentencing, the trial court correctly applied section 775.084(4)(d)1., and sentenced Key to a life sentence on count 1 as a VCC. In its written sentence on count 1, the trial court again correctly sentenced Key to life. However, the written judgment and sentence[1] reflects Key was sentenced as a VCC on counts 1-3 with 30-year minimum mandatory sentences as to each count. This is incorrect: Section 775.084 does not provide for a 30-year VCC minimum mandatory sentence on a first-degree felony. As a Violent Career Criminal, Key must serve a life sentence on count 1 by the terms of section 775.084(4)(d)1. In other words, on count 1, the "mandatory minimum" as a VCC is life. The "mandatory minimum" of thirty years as a VCC was correctly applied to counts 2 and 3—but only as to those counts—because they were second-degree felonies. *See* § 775.084(4)(d)2., Fla. Stat. Because the written judgment and sentence deviated from the oral pronouncement, it resulted in an illegal sentence. *See Webb v. State*, 302 So. 3d 1077, 1079 (Fla. 5th DCA 2020) ("When there is a conflict between the oral pronouncement and the written sentence, the oral pronouncement controls."); *Rodriguez v. State*, 223 So. 3d 1053, 1054 (Fla. 2d DCA 2017) ("[T]he oral pronouncement controls and constitutes the legal sentence imposed." (alteration in original) (quoting *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007))).

---

[1] At page 9, "Special Provisions."

2

Accordingly, the trial court's denial of Key's motion is affirmed in part and reversed in part, and the cause is remanded with instructions to correct the written judgment and sentence to reflect a VCC life sentence on count 1, as orally pronounced by the trial court and in accordance with section 775.084(4)(d)1.

AFFIRMED in PART; REVERSED and REMANDED in PART.

EDWARDS, C.J., and BOATWRIGHT, J., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____