DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

PETER WILLIAM SWIST,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2022-3528

_____

January 24, 2025

Appeal from the Circuit Court for Pasco County; Gregory G. Groger,
Judge.

Blair Allen, Public Defender, and Terrence E. Kehoe, Special Assistant
Public Defender, Bartow, for Appellant.

John M. Guard, Acting Attorney General, Tallahassee, and Sonia C.
Lawson, Assistant Attorney General, Tampa, for Appellee.


SLEET, Chief Judge.

Peter Swist challenges his conviction and sentence for capital
sexual battery by a person eighteen or older on a victim younger than
twelve years old.  We affirm in all respects but remand for correction of
the fee portion of the sentencing order, if necessary.

During the pendency of this appeal, Swist filed a Florida Rule of
Criminal Procedure 3.800(b)(2) motion to correct sentence, successfully

arguing that a certain fine and surcharge should be stricken. Swist also successfully challenged the number of days' credit for time served he was awarded. The circuit court entered its Order Granting Defendant's Motion to Correct Sentencing Errors in which it granted Swist relief and directed the clerk of circuit court to "amend the Special Provisions page of Defendant's Sentence to include 44 days of jail credit" and "prepare an amended 'Order for Charges/Costs/Fees' and an amended Sentencing Order deleting the $125.72 fine [imposed] pursuant to section 775.08, [Florida Statutes,] and the $6.28 fine surcharge [imposed] pursuant to section 938.04[, Florida Statutes]."

On appeal, Swist asserts that although the circuit court clerk prepared an amended order for charges/costs/fees that eliminated the fine and surcharge, the clerk did not amend the actual sentencing order to reflect the same. Based on the record before us, it appears that Swist may be correct. The clerk of circuit court has supplemented our appellate record with the circuit court's order, the amended costs order, and what appears to be the second page of the two-page sentencing order with the heading of the special provisions section now reading "AMENDED special provisions" and reflecting the corrected number of days of jail credit. However, the first page of the sentencing order was not included in the supplemental record.

When initially rendered on October 27, 2022, the first page of the sentencing order stated, "It is the sentence of the court that . . . [t]he Defendant pay a fine of $125.72 pursuant to section 775.083, Florida Statutes, plus $6.28 (5% as the surcharge) required by section 938.04, Florida Statutes." Pursuant to the circuit court's order, the circuit court clerk's amended sentencing order should have reflected the removal of this fine and surcharge. Because our record has not been supplemented

2

with an amended sentencing order reflecting that this correction has been made, we remand for correction, if necessary, of the sentencing order to reflect that the fine and surcharged imposed pursuant to sections 775.083 and 938.04 have been stricken. *See Clifford v. State*, 300 So. 3d 761, 761 (Fla. 2d DCA 2020) ("Although the circuit court . . . ordered that the fee be stricken, it appears that an amended order has not been entered. Accordingly, we remand for the entry of an amended [sentencing] order . . . ."). Swist need not be present for the correction. *Cf. Echavarria v. State*, 270 So. 3d 527, 528 (Fla. 2d DCA 2019); *Rodriguez v. State*, 223 So. 3d 1053, 1055 (Fla. 2d DCA 2017).

Affirmed; remanded.

NORTHCUTT and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

3